```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

| | | |
|---|---|---|
| LONELLE PENNINGTON, | : | NO. 1:13-CV-00591 |
| Plaintiff, | : | |
| vs. | : | **ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 18), to which Defendant has filed an Objection (doc. 19).  For the reasons indicated herein, the Court adopts and affirms the Magistrate Judge's Report and Recommendation and remands this matter for further proceedings.

**I.  Background**

Plaintiff filed an application for Supplemental Security Income in July 2010, alleging a disability onset date of October 2009, due to physical and mental impairments (doc. 18).  Defendant denied such claims initially and upon reconsideration (Id.). Plaintiff subsequently requested a hearing before an ALJ, which she obtained, and at which she was represented by counsel (Id.).  The ALJ denied Plaintiff's application, following which Plaintiff requested review by the Appeals Council (Id.).  The Appeals Council denied Plaintiff's request for review, thus making the ALJ's

decision the final determination of the Commissioner (Id.). On appeal to this Court, Plaintiff contends the non-disability determination should be reversed for two reasons (Id.). She argues the ALJ erred by failing to find that Plaintiff's impairments met or equaled the requirements of Listing 12.05 (C) for mental retardation, and that she is entitled to a Sentence Six remand for consideration of "new and material evidence" (Id.).

**II. The Magistrate Judge's Report and Recommendation**

In her Report and Recommendation the Magistrate Judge reviewed the applicable standard of review, the relevant evidence, and the ALJ's decision (doc. 18). Having done so, the Magistrate Judge concluded the ALJ's failure to discuss Plaintiff's I.Q. scores and analyze her impairments within a § 12.05 (C) framework denotes a lack of substantial evidence for his determination (Id.). The Magistrate Judge found the fact that the record may ultimately possess substantial evidence that Plaintiff is not mentally retarded under § 12.05 (C) is irrelevant because the ALJ's procedural error denied Plaintiff due process (Id. citing Blakley, 581 F.3d 399 (6th Cir. 2009)). As such, the Magistrate Judge concluded that the matter should be remanded because the ALJ's narrative decision does not allow the Court to engage in meaningful review of her determination that Plaintiff's impairments did not meet or equal Section 12.05(c) (Id.).

As for Plaintiff's requested Sentence Six remand, the

Magistrate Judge found the records at issue new, but not material in the sense of affecting the ALJ's decision (Id.). The Magistrate Judge noted the evidence was cumulative, but in light of the fact that she recommends a Sentence Four remand, as indicated above, the ALJ should also consider such evidence (Id. citing Faucher v. Sec. of Health and Human Servs., 17 F.3d 171, 175 (6th Cir. 1994)). In conclusion the Magistrate Judge recommended that the Commissioner's decision denying Plaintiff SSI benefits should be reversed and this matter be remanded for further proceedings.

**III. Defendant's Response**

Defendant objected to the Magistrate Judge's Report and Recommendation, contending the record shows no reversible error (doc. 19). In Defendant's view, the Magistrate Judge erred in finding the ALJ's decision failed to provide sufficient reasons for her determination that Plaintiff did not meet or equal Listing 12.05(C)(Id.). While Defendant concedes the ALJ's concluding paragraph did not explain the ALJ's reasoning, Defendant contends such conclusion comes at the end of two pages explaining why Plaintiff did not meet or equal a listing (Id.). Defendant contends there is substantial evidence in the record supporting the conclusion that Plaintiff does not meet the "capsule definition" of mental retardation, including her activities (Id.). Defendant further concedes that while "the ALJ could have explained her conclusions in a more organized and specific fashion, her analysis

3

certainly allowed this Court to review her reasoning and was supported by substantial evidence (Id.).  Defendant therefore asks the Court to reject the Magistrate Judge's Report and Recommendation and affirm the ALJ's decision (Id.).

**IV. Discussion**

The Court, having reviewed this matter de novo pursuant to 28 U.S.C. §636(b) finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct.  The Court finds the ALJ's non-disability determination unsupported by substantial evidence.

The Court agrees with the Magistrate Judge that the ALJ failed to properly articulate why Plaintiff's I.Q. scores, which fall squarely within Section 12.05 (C) do not qualify her as disabled within the section's framework.  The Court therefore finds a remand appropriate so that such an analysis, as well as analysis of Plaintiff's impairments, and the additional evidence in the record, can take place.

The Parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal.  See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, having reviewed this matter de novo pursuant to 28 U.S.C. §636(b), the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in its entirety (doc. 18), REVERSES the decision of the Commissioner to deny Plaintiff SSI benefits, and REMANDS this matter under sentence four of 42 U.S.C. § 405(g) consistent with the Magistrate Judge's Report and Recommendation.  This case is CLOSED on the Court's docket.

SO ORDERED.


DATED: September 23, 2014         s/S. Arthur Spiegel
                                  S. Arthur Spiegel
                                  United States Senior District Judge